## CHEUNG TOY v. WEEDIN, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. June 7, 1926.)

No. 4772.

Aliens ⊜⟺32(8)—Decision denying application for admission as son of citizen held proper, in view of discrepancies in testimony on hearing and other hearings.

Decision denying application for admission to United States as son of native-born citizen *held* proper, in view of discrepancies in testimony given on the hearing and on hearings on applications of other alleged sons of same father.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Application by Cheung Toy for writ of habeas corpus against Luther Weedin, as Commissioner of Immigration at the Port of Seattle. From a judgment denying the petition, petitioner appeals. Affirmed.

John J. Sullivan and V. G. Frost, both of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney and Arthur E. Simon, Asst. U. S. Attys., all of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The appellant, coming from China, applied for admission to the United States, claiming to be the son of one Cheung Foo, a native-born American citizen. A special board of inquiry denied his application. His appeal from that decision was dismissed by the Secretary of Labor. His petition to the court below for a writ of habeas corpus was denied. He contends that the hearing before the board was unfair, especially in that the board placed reliance upon certain testimony given by Kong Hung, an alleged brother of Cheung Foo, at Vancouver, B. C., in 1914, and in San Francisco in 1922, which testimony was held incompetent on the hearing of the application of Cheung Tong, who also claimed to be a son of Cheung Foo. Ex parte Cheung Tung (D. C.) 292 F. 997.

In that case the court found that Kong Hung's former testimony on the hearing before the board was given "not merely incidental but controlling weight," and held that the hearing was unfair. That conclusion was influenced by the fact that there was no sufficient proof that Kong Hung was the brother of Cheung Foo. In the present case, however, Cheung Foo identified the photograph of Kong Hung as that of his brother, and, although some doubt may still remain as to the certainty of the identification, it does not appear that in the present case the board of special inquiry accorded undue weight to Kong Hung's testimony. On the contrary, it appears clearly that its decision was based upon discrepancies in the testimony of Cheung Foo and that of his sons, who prior thereto had made applications to enter the United States and that of the appellant. In view of those discrepancies, we do not see how the decision could have been otherwise.

The first of the alleged sons of Cheung Foo to apply for admission was Cheung Lung, who was examined January 6, 1922. He testified that he did not know the age of the appellant; that the appellant had been attending school in some other village for a long time, but he did not know in what village; that when he (Cheung Lung) commenced school in his home village at 9 years of age the appellant was already away at school. The appellant, however, testified that he commenced school at 7 years of age, and continued attending school in his native village 7 or 8 years before he went to another village to school.

Cheung Doong, the second alleged son to apply for admission, testified in July, 1922, that Cheung Lung, his youngest brother, was still attending school, and that his other brothers were farming. The appellant testified that he had never done work of any kind. The alleged father also testified in July, 1922,

that the appellant was farming, that he left school about 2 years prior to that date, and that the witness had received a letter from him saying that he had left school. Later he testified that he did not know when the appellant left school, and that the appellant had never told him.

When Cheung Tung, the third alleged son, applied for admission, the father testified that his own mother had died not more than 10 years prior to that date, but Cheung Tung testified that he never saw his father's mother, and did not know when she died, and on the hearing in the present case Cheung Foo altered his testimony, and stated that his mother died when he was 17 or 18 years old. Cheung Foo testified that the letters which he received from the appellant, two or three each year for 10 years past, were all addressed to him at his laundry at Hartford, Conn. But the appellant testified that he did not know his alleged father's occupation, nor where he resided, but that he always directed his letters to him at 12 Pell street, New York City, care of San Wah store, and never directed a letter to him at any other address.

The foregoing are but a few of the numerous discrepancies and contradictions found in the testimony of Cheung Foo and that of his alleged sons, given upon the different hearings. Mention should be made of the additional fact that the appellant exhibited but meager knowledge of his neighbors in his native village, and almost total ignorance of the city of Canton, where he says he attended school 5 years.

The judgment is affirmed.